Winn, John Lamont
CDC # F-62680
P.O. Box 5000
Delano, CA 93216

ORIGINAL
FILED

'08 JUL 30 AM 11: 54
'CHARD W. WIEKING

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAY 23 2008

FILED
DOCKETED

# United States District Court
## Northern District of California

(PR)

CV 08    3644    PJH

08-72210

| | |
|---|---|
| John Lamont Winn,<br>**Petitioner**<br><br>Vs.<br><br>California Department<br>Of Corrections,<br>**Respondent**<br><br>And<br><br>_____,<br>The Attorney General of the State of<br>California, Additional Respondent. | No. _____<br><br>(To be filled in by Clerk of U.S. District Court)<br><br>**Petition for Writ of Habeas Corpus**<br><br>UNDER 28 U.S.C. §2254<br>BY A PERSON IN STATE CUSTODY |

1.    Name and location of the court that entered the judgment of conviction under attack: **Superior Court of California County of Solano.**

2.    Date of judgment of conviction: **February 13, 2007**

3.    Trial court case number of the judgment of conviction being challenged: **VCR 186610 vf.**

4.    Length of sentence: **Six (6) Years.**

5.    Sentence start date and projected release date: **February 13, 2007.**

6.    Offense(s) for which you were convicted or pleaded guilty (all counts): **11379(a) H&S, 11377 H&S.**

7.    What was your plea? **Guilty.**

8.    If you pleaded not guilty, what kind of trial did you have? **Jury.**

9.    Did you testify at the trial? **No.**

## *DIRECT APPEAL*

10.   Did you appeal from the judgment of conviction in the **California Court of Appeal**? **Yes.**

11.   If you appealed in the **California Court of Appeal,** answer the following:

(a) Result: **Denied.**
(b) Date of result, case number and citation, if known: **February 27, 2008 #A116894**
(c) Grounds raised on direct appeal: **Washout of 5 years priors being dismissed under P.C. 667.5.  Finding of not guilty of H&S 11378 by Jury, but being charge with intent to sale by the Judge after Jury Verdict.**

12.   If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:

(a) Result: **Denied.**
(b) Date of result, case number and citation, if known: **April 30, 2008 #S161696**
(c) Grounds Raised: **Reversal of Judgment trial court erroneously refused to submit to the Jury the question whether appellant possessed the methamphetamine for personal use.**

13.   If you filed a petition for certiorari in the **United States Supreme Court,** please answer the following with respect to that petition:

(a) Result: **Denied.**
(b) Date of result, case number and citation, if known: **April 30, 2008 #S161696**
(c) Grounds Raised: **Reversal of Judgment trial court erroneously refused to submit to the Jury the question whether appellant possessed the methamphetamine for personal use.**

14.     Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, motions (e.g. a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court? No.**

15.     If your answer to #14 was "Yes," give the following information:  **N/A**

16.     Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal? Yes**

17.     If your answer to #16 was, "Yes," give the following information:

       (a) **CALIFORNIA COURT OF APPEAL** CASE NUMBER: **A116894**
       (b) Nature of the proceeding: **Appeal of Judgment**
       (c) Grounds raised: **The Jury's verdict convicted me of possession for personal use. The trial court found the evidence sufficient to demonstrate that the methamphetamine was possessed for sales. The Jury's verdict a clear finding of personal use.**
       (d) Did you receive an evidentiary hearing on your petition, application or motion? **No.**
       (e) Result: **N/A**
       (f) Date of Result: **N/A**

18.     Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court? Yes.**

19.     If your answer to #18 was "Yes," give the following information:

       (a) **California Supreme Court** Case Number: **5161696.**
       (b) Nature of proceeding: **N/A**
       (c) Grounds raised: **Violation of due process of Law & the 6th & 14th Amendments Rights to a Jury Trial that a possession of a controlled substance is a lesser included offense of transportation for personal use.**
       (d) Did you receive an evidentiary hearing on you petition, application or motion? **No**
       (e) Result: **N/A**
       (f) Date of result: **N/A**

20.     If you did not file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the California Supreme Court containing the grounds raised in this Federal petition, explain briefly why you did not: **N/A**

### COLLATERAL REVIEW IN FEDERAL COURT

21.    Is this your first federal petition for writ of habeas corpus challenging this conviction? **Yes**

22.    State concisely every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States.  Summarize briefly the facts supporting each ground.

   (a) *Ground One*:  **Washed out prison prior used after 5 years agreement.**

   *Supporting Facts*:  **It was stated & agreed by all parties that all my prior prison term allegations were to be washed out under the 5 year directives from 11360(a)(1) H&S  &  Penal Code 667.5(b).**

   *Did you raise Ground One in the California Supreme Court*?  **No**

   (b) *Ground Two*:  **The Judge was prejudice on verdict of Jury.**

   *Supporting Facts*:  **The Jury convicted me of a lesser charge of possession of a controlled substance.  The Judge should have let the verdict stand as the Jury voted.  The Judge changed the possession of a controlled substance to reflect intent to sell after the stated verdict.**

   *Did you raise Ground Two in the California Supreme Court*?  **No**

   (c) *Ground Three*:  **Dismissed prior allegations.**

   *Supporting Facts*:  **On page 148 through page 150 shows where it was mutually agreed by the court, district attorney, public defenders offices to dismiss all prior allegations.  Copies of those pages will be sent along with this and highlighted.**

   *Did you raise Ground Three in the California Supreme Court*?  **No**

23.    Do you have any petition or appeal now pending in any court, either state or federal, pertaining to the judgment under attack?  **No**

24.    If your answer to #23 is "Yes," give the following information:  **N/A**

25.    Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a) At Preliminary Hearing:          **Melissa Daque**
                                        **675 Texas St.**
                                        **Fairfield, CA  94533**

(b) At Arraignment and Plea:        **Same as Above**

(c) At Trial:        **Same as Above**

(d) At Sentencing:        **Same as Above**

(e) On Appeal:        **John L. Staley
11770 Bernardo Plaza Ct. #305
San Diego, CA  92128**

(g) On Appeal from any adverse ruling in a post-conviction proceeding:

**John L. Staley
CBN 129624
11770 Bernard Plaza Ct. #305
San Diego, CA  92128**

26.    Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? **Yes**

27.    Do you have any future sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? **No**

28.    Date you are mailing (or handing to a correctional officer) this Petition to this court: _5/21/08_

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
Signature Of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on  _5/21/08_
(Date)

John Lamont Winn,
*Petitioner*

X _____
Signature of Petitioner

1          MS. JENSEN:  With respect to that argument, I think

2     the Court can take judicial notice of the rap sheet that's

3     included in the court file, and that will show a violation of

4     parole and return to custody on that case.  And in order to

5     finish the term as of March 3, 2004 --

6          THE COURT:  Let me ask you a question.  If the Court

7     concludes that that last prior prison term has washed out,

8     does that not wash out all other prior prison terms as well?

9          MS. JENSEN:  I believe so, yes.

10          THE COURT:  Okay.

11          And Counsel, you indicate on behalf of Mr. Winn that

12     if the Court were to do the math on when he was committed,

13     given the term that he was committed for, more than five years

14     would have elapsed since he would have been paroled?

15          MS. DAGUE:  Since he would have -- yes.

16          THE COURT:  Well, this creates a more complicated

17     issue you because it not only has an impact on this one prior

18     prison term allegation, but also the other two.  You have

19     asked me to judicially notice a rap sheet that's in the Court's

20     file?

21          MS. JENSEN:  Yes.

22          THE COURT:  Okay.  I can judicially notice the

23     existence of a rap sheet in the file.  I wonder whether or not

24     the Court can judicially notice the content of it being true.

25          I can tell you there's a rap sheet in the Court's

26     file.

27          MS. JENSEN:  Okay.

28          THE COURT:  And more formally, a summary of history

1    in the file.

2              I hate to do this to you, but I think I'll have to

3    defer ruling on the prior prison term and give counsel a

4    chance to argue in writing whether there's sufficient proof

5    to -- which the District Attorney initially seems to think

6    must be found before the other prior prison terms.

7              So I will reserve on ruling on the private prison

8    terms that are alleged.  I will find to be true the allegation

9    pursuit to Health and Safety Code section 11370.2(c), that in

10   1985, Mr. Winn did suffer a conviction for violation of Health

11   and Safety Code section 11370.2(c) in case number VC37449, but

12   I will reserve on the issue of the truth of allegations as to

13   the three prior prison terms.

14             So, starting with the People, when do you think you

15   can get something in writing on the issue of prior prison

16   terms?

17             MS. JENSEN:  Well, given the Court's finding on

18   11370.2, I am willing to submit on the -- I think I succeed,

19   but given long term, I think I can --

20             THE COURT:  On the allegation, then, you are moving

21   to dismiss the prior prison term allegation?

22             MS. JENSEN:  Yes.

23             THE COURT:  Okay.

24             I assume there's no objection to that?

25             MS. DAGUE:  No, Your Honor.

26             THE COURT:  All right.

27             On motion of the District Attorney, for reasons

28   stated here on the record, the prior prison term allegation

149

1  will be dismissed.

2          So what we have now, for purposes of sentencing, I

3  did find him previously in violation of his probation grants

4  in the two cases we referred to earlier.  The jury's finding,

5  obviously, would support that independent of the Court's

6  determination; he's in violation of probation and the jury has

7  found him guilty of Health and Safety Code section 11370, the

8  transportation charge, as well as the lesser included offense

9  of Count 2 of Health and Safety Code section 11377, simple

10  possession of methamphetamine.

11          I will refer all three cases to the Probation

12  Department for preparation of a presentence report on the new

13  case and supplemental report on the two probation cases.

14          I am assuming he does not waive time?

15          MS. DAGUE:  That is true, Your Honor.

16          THE COURT:  Okay.  I will put the case over to

17  February the 14th, at 9:00 -- that's within the statutory

18  period -- for presentence report for sentencing.

19          What days are the days that Judge Garrett has a

20  calendar?

21          MS. JENSEN:  Wednesday and Thursday.

22          THE COURT:  Well, let me ask you this:  Is he

23  willing to waive time?  It looks like it might be a one-day

24  waiver since there's all day in there to the 16th, that Friday,

25  or whatever number of days that he would be required to waive.

26  The 12th is a holiday.  I am not sure that would count or not.

27          In any event, the 14th of February is within the

28  statutory period.  If he's willing to go over to the 16th, we

150

# PROOF OF SERVICE BY MAIL

[ C.C.P. §1013, 2015.5; U.S.C. §174 ]

**STATE OF CALIFORNIA**

**COPY**

COUNTY OF KERN

I, _John Winn_ , am a resident of North Kern State Prison in Delano, County of Kern, California and I am at least 18 years of age. My mailing address is: P.O. Box 5000, Delano, CA 93216-5000.

On _5/21/08_ , I served a true and correct copy of the following document(s):

_Federal Writ of Habeas Corpus & Proof of Service &_
_Photographed Copies of Appeal Pages 148-150_

to each party listed below by placing them in an envelope with adequate postage attached or provided for by depositing said envelope in a box for United States Mail at the North Kern State Prison, Delano Address:

**N.K.S.P.**
**P.O. Box 5000**
**Delano, CA 93216-5000**

This copy is being mailed to:

_United States Ninth Circuit Court of Appeals_
_P.O. Box 193939_
_San Francisco CA 94119-3939_

**I SWEAR (OR DECLARE) UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

DATED THIS DAY OF: _5/21/08_ AT NORTH KERN STATE PRISON

SIGNED: _Anthony Winn_ CDC NUMBER: _F62680_

08-72210 John Winn v. CDC

| 05/27/2008 | 1 | FILED PROSE PETITION FOR WRIT OF HABEAS CORPUS. |
|---|---|---|
| 05/30/2008 | 2 | Deleted Incorrect Docket Entry |
| 07/18/2008 | 3 | Order filed (Appellate Commissioner):......Accordingly, the Clerk shall transfer the petition to the United States District Court for the Northern District of California. Upon transfer of the petition, the Clerk shall close this original action. |
| 07/23/2008 | 4 | Case file sent to USDC, Northern Dist. See 7/18/08 order. |

# ORIGINAL





Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
95 Seventh Street
Post Office Box 193939
San Francisco, California 94119-3939

Molly C. Dwyer
Clerk of Court

(415) 355-8000

May 27, 2008

No. 08-72210          John Winn v. CDC

A petition for writ of habeas corpus has been received in the Clerk's Office of the United States Court of Appeals for the Ninth Circuit. The U.S. Court of Appeals docket number shown above has been assigned to this case. Always indicate this docket number when corresponding with this office about your case.

If the U.S. Court of Appeals docket fee has not yet been paid, please make immediate arrangements to do so. If you wish to apply for in forma pauperis status, you must file a motion for permission to proceed in forma pauperis with this court.

Very truly yours,

Molly C. Dwyer
Clerk of Court

By: Bradley Ybarreta
Deputy Clerk

08-72210 John Winn v. CDC

**General Docket**
**United States Court of Appeals for the Ninth Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 08-72210 | **Docketed:** 05/27/2008 |
| John Winn v. CDC | **Termed:** 07/18/2008 |
| **Appeal From:** US District Court for Eastern California, Fresno | |
| **Fee Status:** Due | |

**Case Type Information:**
  1) original proceeding
  2) habeas corpus
  3) null

**Originating Court Information:**
  **District:** 0972-1 :
  **Date Filed:**

**Prior Cases:**
  None

**Current Cases:**
  None

08-72210 John Winn v. CDC

---

JOHN LAMONT WINN (−: #F−62680)
      Petitioner

                                      John Lamont Winn
                                      [NTC Pro Se]
                                      NORTH KERN STATE PRISON
                                      2737 West Cecil Avenue
                                      P.O. Box 567
                                      Delano, CA 93216−0567

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS
      Respondent

---

08-72210 John Winn v. CDC

JOHN LAMONT WINN,

      Petitioner

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS,

      Respondent

USDC, San Francisco
Northern District of California (San Francisco)
P.O. Box 36060
San Francisco, CA 94102-0000

--------------------------------------------------------------------------------------------------------------------------------------

--------------------------------------------------------------------------------------------------------------------------------------

**FILED**

UNITED STATES COURT OF APPEALS　　　JUL 18 2008

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN LAMONT WINN,<br><br>　　　　Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS,<br><br>　　　　Respondent. | No. 08-72210<br><br><br><br>ORDER |

Before: Peter L. Shaw, Appellate Commissioner.

The court is in receipt of petitioner's original petition for a writ of habeas

corpus filed pursuant to 28 U.S.C. § 2254. An application for a writ of habeas

corpus must be made to the district court. *See* Fed. R. App. P. 22(a); *see also* 28

U.S.C. § 2241(b). If a petition for writ of habeas corpus is filed in the court of

appeals, "the application must be transferred to the appropriate district court." Fed.

R. App. P. 22(a).

Accordingly, the Clerk shall transfer the petition to the United States District

Court for the Northern District of California.

Upon transfer of the petition, the Clerk shall close this original action.

ec/MOATT

United States Court of Appeals for the Ninth Circuit
95 Seventh St.
San Francisco, CA 94103

TRANSFER OF CASE FILE TO:
Northern District of California
P.O. Box 36060
San Francisco, CA 94102-0000

NINTH CIRCUIT CASE NUMBER:08-~~74625~~ **72210**
FILES ENCLOSED

❏    USDC
☑    9th Circuit  *CASE FILE*
❏    Briefs & Excerpts
❏    9th Circuit Opinion/Memorandum
❏    9th Circuit Order


PLEASE ACKNOWLEDGE RECEIPT.  THANK YOU.